# Exhibit A

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of DEKALB County

**For Clerk Use Only**

Date Filed 1/8/2026 (MM-DD-YYYY) Case Number 26A00167

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Lee | Denorris | | Jr. | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Maddox | Melody | | | |
| Does 1-10 | John | | | |
| | | | | |
| | | | | |

Plaintiff's Attorney Thomas W. Sizemore State Bar Number 823195 Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

________________ Case Number    ________________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

________________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

STATE COURT OF
DEKALB COUNTY, GA.
1/8/2026 12:15 PM
E-FILED
BY: Monica Gay

No. 26A00167

**Date Summons Issued and E-Filed**

1/8/2026

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ ________________

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

**Dennoris Lee, Jr.**

Plaintiff's name and address

[X] **JURY**

vs. **MELODY M. MADDOX, Sheriff of DeKalb County, in her INDIVIDUAL capacity**

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Thomas W. Sizemore, Esq.**
Name

**32 Ann Street, Charleston, SC 29403**
Address

**803-222-2222** **823195**
Phone Number Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney

Address

Phone No. Georgia Bar No.

Third Party Attorney

Address

Phone No. Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ ________________

Interest $ ________________

Atty Fees $ ________________

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**STATE COURT OF DEKALB COUNTY, GA.**
**1/8/2026 12:15 PM**
**E-FILED**
**BY: Monica Gay**

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| DENORRIS LEE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MELODY M. MADDOX, Sheriff of DeKalb County, in her INDIVIDUAL capacity; and JOHN DOE #1–#10, in their INDIVIDUAL capacities,<br><br>Defendants. | CASE NO: 26A00167 |

**COMPLAINT FOR DAMAGES**
**JURY TRIAL DEMANDED**

Plaintiff Denorris Lee, Jr. ("Plaintiff" or "Mr. Lee"), by and through undersigned counsel, files this Complaint for damages and states as follows:

## PARTIES

**1.**

Plaintiff Denorris Lee, Jr. is an adult citizen and resident of Clayton County, Georgia. Plaintiff is currently incarcerated in the Newton County Detention Center.

**2.**

Defendant Melody M. Maddox ("Sheriff Maddox") is the Sheriff of DeKalb County, Georgia. Sheriff Maddox is sued in her individual capacity for acts and omissions taken under color of state law that caused or contributed to the constitutional deprivations described herein.



STATE COURT OF
DEKALB COUNTY, GA.
1/8/2026 12:15 PM
E-FILED
BY: Monica Gay

**3.**

Defendants John Doe #1 through John Doe #10 (collectively, the "Doe Defendants") are unknown employees, agents, and/or officers working at and/or for the DeKalb County Jail who, acting under color of state law, participated in, directed, approved, supervised, or otherwise caused the events and injuries described herein. The Doe Defendants are sued in their individual capacities. Plaintiff will amend this Complaint to substitute the true names of the Doe Defendants once confirmed through discovery.

**4.**

At all relevant times, Sheriff Maddox and the Doe Defendants acted under color of the statutes, ordinances, regulations, customs, and usage of the State of Georgia.

**5.**

Plaintiff presently brings this action against the named individual-capacity Defendants and against John Doe Defendants whose identities and roles will be confirmed through early discovery. Plaintiff further reserves the right to amend this Complaint to add any additional defendants—including, if warranted by the evidence, governmental entities and/or private contractors—once the policies, customs, decisionmakers, and applicable insurance and indemnification arrangements relevant to the events alleged herein are identified and confirmed through investigation and discovery. Nothing in this reservation is intended to assert, and Plaintiff does not presently assert, any official-capacity damages claim against any defendant.

**JURISDICTION AND VENUE**

**6.**

This Court has subject-matter jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983 and the United States Constitution.

**7.**

Venue is proper in DeKalb County, Georgia because the acts and omissions complained of occurred in DeKalb County. Defendant Sheriff Maddox maintains her official office in DeKalb County and, upon information and belief, may be personally served at the DeKalb County Sheriff's Office Executive Offices located at 4415 Memorial Drive, Decatur, Georgia 30032.

**FACTUAL ALLEGATIONS**

**8.**

Plaintiff was incarcerated at the DeKalb County Jail from approximately July 29, 2023, through February 16, 2024.

**9.**

At various times during his incarceration, Plaintiff was housed in different dormitories and housing units within the DeKalb County Jail, including Dormitory 5 NW 600.

**10.**

Approximately in late October 2023 (date to be confirmed through discovery), Plaintiff was involved in a physical altercation with another inmate. Immediately after that altercation, a third inmate stabbed Plaintiff. Plaintiff received medical treatment. The other two inmates involved were removed from the dormitory.

**11.**

Plaintiff's family encouraged Plaintiff to request protective custody after the late-October stabbing. Plaintiff declined at that time because he believed the issues related to that incident had been resolved.

**12.**

During this incarceration, Plaintiff was charged with felony murder arising from an incident alleged to have occurred before his July 29, 2023, arrest. Upon information and belief, Plaintiff remained a pretrial detainee as to that charge.

**13.**

Plaintiff had previously been "tagged" by jail authorities during an earlier incarceration in a manner identifying Plaintiff as affiliated with, or otherwise associated with, a gang or gang-related security classification (as maintained within the jail's intelligence/classification systems).

**14.**

On information and belief, Dormitory 6 SE 500 was predominantly occupied by members of a rival gang to which Plaintiff was known, tagged, or classified as adverse. On information and belief, the inmates involved in the late-October stabbing incident were members of that same rival gang.

**15.**

In or around mid-December 2023 (date to be confirmed through discovery), jail personnel transferred Plaintiff from his prior housing assignment to Dormitory 6 SE 500.

**16.**

On information and belief, the transfer to Dormitory 6 SE 500 was approved and/or directed by jail classification personnel and/or supervisors responsible for housing assignments and separation decisions.

**17.**

On information and belief, at least one principal aggressor in the January 8, 2024, assault was a rival gang member housed in Dormitory 6 SE 500 and was the brother of the individual whom Plaintiff is accused of murdering.

**18.**

On January 8, 2024, at approximately 11:00 p.m. to 11:30 p.m., Plaintiff was assaulted by multiple inmates in Dormitory 6 SE 500.

**19.**

Plaintiff recalls being told to come to a particular cell within Dormitory 6 SE 500 (the "phone cell") to "talk to someone on the phone." Plaintiff walked toward the phone cell and was attacked from behind just outside the phone cell before entering.

**20.**

Plaintiff estimates that he was attacked by approximately eight to ten inmates. Plaintiff was struck and rendered unconscious during the assault and does not recall many details of the attack as a result.

**21.**

Plaintiff was stabbed during the assault, including a stab wound to his left lower back. Plaintiff also sustained significant head and facial trauma, including injuries to his right eye.

**22.**

Upon information and belief, portions of the assault were recorded by the attackers. Plaintiff's family and Plaintiff's counsel are in possession of videos that show, among other things, portions of the assault, Plaintiff disrobed, and the stabbing weapon, and may contain time markers.

**23.**

Plaintiff regained consciousness, found himself disrobed, dressed himself, and returned to his cell.

**24.**

Plaintiff knows that there was no timely officer response or intervention to stop the assault. On information and belief, staff supervision, monitoring, and response in Dormitory 6 SE 500 on the night of January 8, 2024, were inadequate and unreasonable in light of the known risks.

**25.**

Plaintiff was not discovered as injured or in need of emergency medical care until the next day, January 9, 2024, in the morning or afternoon. The first staff member who interacted with Plaintiff regarding his condition was a female staff member (identity to be confirmed through discovery).

**26.**

Plaintiff was transported to Grady Memorial Hospital on January 9, 2024, without EMS transport.

**27.**

Hospital records reflect that Plaintiff was admitted to the Grady Memorial Hospital Emergency Department at approximately 5:43 p.m. on January 9, 2024.

**28.**

Plaintiff was diagnosed and treated for, among other things, concussion, right periorbital hematoma, right subconjunctival hemorrhage, stab wound, and rhabdomyolysis.

**29.**

Plaintiff remained hospitalized at Grady Memorial Hospital until discharge on January 14, 2024.

**30.**

After discharge, Plaintiff was returned to the DeKalb County Jail and housed in a medical dormitory. Plaintiff was later moved to another dormitory that housed only one other inmate at that time. Plaintiff recalls being transported to Rockdale County after approximately two to three weeks.

**31.**

Plaintiff continues to experience facial pain, headaches, and back pain. Plaintiff has a scar from the stab wound and remains at risk for ongoing or progressive complications, including ophthalmologic and neurologic issues.

**32.**

Following the assault, Plaintiff was interviewed by an investigator Plaintiff believed to be associated with a gang task force. Plaintiff provided a written statement during that interview. Plaintiff recalls being offered protective custody and refusing because he believed protective custody would not prevent his attackers or their associates from reaching him. Plaintiff recalls being advised that he would be placed somewhere safer.

**33.**

Plaintiff does not recall filing any formal grievances regarding the January 8, 2024, assault. Plaintiff's failure to pursue the formal grievance process was caused by, among other things, fear of retaliation and the correctional system's inability to keep him safe from his attackers and their associates, even across facilities. Plaintiff will supplement these allegations as further information becomes available.

## <u>CAUSES OF ACTION</u>

**COUNT I – 42 U.S.C. § 1983 (FAILURE TO PROTECT / DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF SERIOUS HARM)** Against Sheriff Maddox (Individual Capacity) and Doe Defendants (Individual Capacities)

**34.**

Plaintiff incorporates by reference the allegations above as if fully set forth herein.

**35.**

At all relevant times, Plaintiff had a constitutional right to be reasonably protected from violence at the hands of other inmates. Depending on Plaintiff's custodial status at the time, that right arises under the Fourteenth Amendment (pretrial detainee) and/or the Eighth Amendment (convicted prisoner).

**36.**

Defendants were aware of, or deliberately indifferent to, a substantial risk that Plaintiff would suffer serious harm if housed in Dormitory 6 SE 500, including because: (a) Plaintiff had been "tagged" in the jail's intelligence/classification systems; (b) Dormitory 6 SE 500 was predominantly occupied by members of a rival gang; (c) Plaintiff had previously been stabbed by

members of that rival gang during this incarceration; and (d) Plaintiff was moved into Dormitory 6 SE 500 after receiving a high-profile charge that created an elevated and foreseeable risk of retaliation.

**37.**

Despite that known and substantial risk, Defendants failed to take reasonable measures to protect Plaintiff, including by failing to implement and/or follow reasonable classification, separation, and housing safeguards; failing to prevent Plaintiff's placement in an unsafe dormitory environment; and failing to provide adequate supervision, monitoring, and intervention to prevent the assault.

**38.**

As a direct and proximate result of Defendants' acts and omissions, Plaintiff was attacked by multiple inmates and stabbed, suffering serious physical injuries and damages.

**39.**

Sheriff Maddox is liable in her individual capacity because, on information and belief, she had supervisory authority over jail operations including classification/housing and gang-related safety practices, and she promulgated, enforced, tolerated, and/or failed to correct policies, customs, and practices that foreseeably resulted in Plaintiff's placement in an unsafe dormitory and the failure to protect him from a known and substantial risk of serious harm.

**COUNT II – 42 U.S.C. § 1983 (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS / UNREASONABLE DELAY IN CARE)** Against Sheriff Maddox (Individual Capacity) and Doe Defendants (Individual Capacities)

**40.**

Plaintiff incorporates by reference the allegations above as if fully set forth herein.

**41.**

After the assault, Plaintiff had an objectively serious medical need, including head and facial trauma, eye injury, stab wound, and related symptoms and complications.

**42.**

Defendants knew or should have known Plaintiff required prompt evaluation and emergency medical care, yet Plaintiff was not discovered and transported for hospital treatment until the following day, January 9, 2024.

**43.**

On information and belief, Defendants' failure to timely recognize Plaintiff's condition, provide prompt medical assessment, and arrange timely emergency transport constituted deliberate indifference and/or objectively unreasonable conduct under the circumstances.

**44.**

As a direct and proximate result of this delay and denial of timely care, Plaintiff suffered additional pain, suffering, and risk of worsening injury.

**45.**

Sheriff Maddox is liable in her individual capacity to the extent the delay in recognition/response and the failure to provide timely care were caused by policies, customs,

practices, inadequate training, inadequate supervision, and/or staffing practices for which she was responsible and which she knowingly allowed to persist.

## DAMAGES

**46.**

As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages including, but not limited to: physical pain and suffering; mental and emotional distress; scarring and disfigurement; medical expenses; loss of enjoyment of life; and other compensable losses to be proven at trial.

**47.**

Plaintiff seeks compensatory damages and nominal damages, as appropriate, in an amount to be determined by the enlightened conscience of a fair and impartial jury. Plaintiff does not seek punitive damages at this time.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. For compensatory damages in an amount to be determined by the jury;

B. For nominal damages as permitted by law;

C. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D. For pre- and post-judgment interest as allowed by law; and

E. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this 8th day of January, 2026.

**POULIN | WILLEY**

*/s/ Thomas W. Sizemore*

Thomas Sizemore
GA Bar No.: 823195
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
P: (803) 222-2222
F: (843) 353-1604
E: teamsizemore@poulinwilley.com
*Attorney for the Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
1/8/2026 12:15 PM
E-FILED
BY: Monica Gay

STATE COURT OF DEKALB COUNTY, STATE OF GEORGIA

**DENORRIS LEE, JR.**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 26A00167

**DENORRIS LEE, JR. v. MELODY M. MADDOX, Sheriff of DeKalb County, in her INDIVIDUAL capacity, et. al**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Oluwole Awojobi, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents to Melody Maddox in DeKalb County, GA on January 27, 2026 at 1:26 pm at 4415 Memorial Dr., Decatur, GA 30032 by leaving the following documents with Kenya Walker who as Operation Tech is authorized by appointment or by law to receive service of process for Melody Maddox.

Cover Sheet
Case Filing Information Form
Summons
Complaint
Race: Black or African American, Sex: Female, Est. Age: 35-44, Hair: Black, Glasses: N, Est. Weight: 180 lbs to 200 lbs, Est. Height: 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=33.7755660666,-84.2452758229
Photograph: See Exhibit 1

Signature
Oluwole Awojobi
+1 (470) 905-1247

Subscribed and sworn to before me this 27th day of Jan, 2026 by Otaigbe Eisiri
Witness my hand and official seal.

Notary Public

My commission expires:

IHENWOSA OTAIGBE EISIRI
Barrow County
Notary Public
Expires 08-24-2029
STATE OF GEORGIA



STATE COURT OF
DEKALB COUNTY, GA.
1/28/2026 8:27 AM
E-FILED
BY: Johnette L Henderson